Loewe v. Reismann.

---

## JOHN LOEWE ET AL.

### v.

## ALEXANDER REISMANN.

1. SUIT ON LOST INSTRUMENT.—Proof of the loss or destruction of an instrument sued upon is not to go to the jury, but is addressed to the court for the purpose of establishing the right of the party to introduce secondary evidence of the contents of the paper lost.

2. PROOF OF LOSS OR DESTRUCTION.—When the destruction of the instrument is not conclusively shown, it is the duty of the party to show that he has made diligent search in all places where it has usually been kept, or would be likely to be found. In this case the proof falls far short of the required standard, and it was error to admit secondary evidence of the contents of the notes.

3. PROOF UNDER THE COMMON COUNTS.—Where the instruments cannot be produced and surrendered or accounted for in court, no recovery can be had under the common counts, upon proof of the consideration of the notes, except upon the same measure of proof as to their loss as would entitle him to recover upon the special count.

ERROR to the Superior Court of Cook county; the Hon.

Elliott Anthony, Judge, presiding.   Opinion filed May 4, 1881.

This was an action of assumpsit brought by the defendant in error against the plaintiffs in error upon four promissory notes, made by the plaintiffs in error, payable to the order of the defendant in error.   Upon the trial before the court and jury, the plaintiff below offered evidence tending to show the loss of the notes, and was permitted by the court, against the objection of the defendants to give secondary evidence of the contents of the notes, on the ground that they were lost or destroyed.   He also offered evidence tending to prove the consideration for which the notes were given.   The jury rendered a verdict for the plaintiff for the amount of the notes and interest, on which the plaintiff had judgment.   The defendants bring the case to this court by writ of error for review.

Mr. Joseph Pfirshing, for plaintiff in error; that the question of loss or destruction of an instrument is for the court and not for the jury, cited 2 Daniell on Negotiable Instruments, 1472; Dormandy v. State Bank, 2 Scam. 236; Palmer v. Logan, 3 Scam. 56; Taylor v. Riggs, 1 Pet. 597.

The proof ought to be more definite as to whether the notes are lost or destroyed: Rogers v. Miller, 4 Scam. 333.

There should be diligent search: Vilas v. Moulton, 11 Vt. 470.

. To recover under the common counts it was still necessary for plaintiff to make proof of loss: 2 Daniell on Negotiable Instruments, 430; 2 Parsons on Notes and Bills, 304; Strong on Promissory Notes, § 445.

Mr. Rufus King, for defendant in error; that the proof of loss was sufficient, cited 1 Greenleaf's Ev. § 558; Ralph v. Brown, 3 W. & S. 393; Booth v. Cook, 20 Ill. 129; Minor v. Tillotson, 7 Pet. 101; Caufman v. Congregation, etc. 5 Bin. 59; Foster v. Mackay, 7 Met. 531; Renner v. Bank of Colorado, 9 Wheat, 597.

Where substantial justice has been done, a slight error in admission of evidence will not reverse: Hewitt v. Jones, 72 Ill. 218; Crist v. Wray, 76 Ill. 204; Schweizer v. Tracy, 76 Ill. 345; Protection Life Ins. Co. v. Foot, 79 Ill. 361.

WILSON, J. It appears from the record that proof of the alleged loss of the notes was introduced and allowed to go to the jury as a part of the evidence upon which they were to pass, and in an instruction given by the court upon its own motion, the question of their loss was referred to the jury.

The declaration contained no averment of the loss of the notes, and that question did not form any part of the issue the jury were sworn to try. Proof of the loss or destruction of an instrument sued upon is not to go to the jury, but is addressed to the court for the purpose of establishing the right of the party to introduce secondary evidence of the contents of the paper lost. 2 Parsons on Notes and Bills, 304; Dormandy v. State Bank of Ill. 2 Scam 236; Taylor v. Riggs, 1 Pet. 591; and generally this should be by affidavit, but it must be addressed to and passed upon by the court alone. 2 Parsons, *supra*.

But assuming that the evidence was addressed to and passed upon by the court, and not by the jury, it was wholly insufficient to prove the loss or destruction of the notes. It consists, first, of the affidavit of the plaintiff, in which he swears that about May 1, 1877, he left the notes with one Subert, at Chicago, for collection; that Subert employed an attorney or attorneys in Cook county to commence an action against the defendants for their collection; that suit was commenced in the Superior Court of Cook county by the law firm of Adler & Stackpole; that he does not know where the notes are, but believes they are lost or destroyed; that the copies annexed to his affidavit are true copies of the original notes; that he caused search to be made in the Superior Court, and by A. J. Stackpole, the only member of the firm of Adler & Stackpole then in Chicago, by whom the suit was commenced, and that said notes could not be found.

What purported to be copies of the notes were attached to the affidavit.

Subert was sworn, and testified that the plaintiff left four notes against the defendants with him, requesting him to have them put in suit; that he left them with Adler, an attorney of Chicago, to have them sued; that Adler brought suit on them

and afterwards left town; witness never saw the notes again and don't know where they are.

Wm. W. O'Brien testified that he knew Adler, that he fled the city about three years before, and the last he heard of him he was at Memphis.

Rufus King, plaintiff's attorney testified that he sought for Adler in Chicago, and was informed by his acquaintances that he was in the penitentiary either of Louisiana or Tennessee ; that he had written to the warden of those penitentiaries, but had received no answers.

This was the entire evidence offered to show the loss of the notes, and the extent of the search made to find them. It is manifestly insufficient. It does not appear what search was made in the Superior Court, nor by whom. And certainly one would think the Superior Court was not the place where the notes would be likely to be found until they had been put into judgment. The record shows that beyond the mere filing of the pricipæ by Adler and Stockpole in 1877, no steps have been taken in the case, and no declaration filed until Mr. King came into the case three years afterwards. It would be wholly unlikely that the plaintiff's attorneys would leave the notes in court until they had, at least, filed their declaration.

Mr. Stackpole was not called to testify as to what if any search was made by him. He alone, in the absence of Adler was the person who might be reasonably supposed to possess special information as to the whereabouts of the papers of the firm, by whom the suit was commenced. But as the only evidence of a search by him is contained in the affidavit of the plaintiff, and that was only upon information and belief, it cannot properly be said that there is any proof whatever of the alleged search.

Our Supreme Court has said in various cases, that where the *destruction* of the instrument is not conclusively shown, it is the duty of the party to show that he has made diligent search in all places where it has usually been kept, or would be likely to be found. The proof falls far short in the present case of the required standard, and the court erred in admitting secondary evidence of the contents of the notes.

It was claimed by appellee that he was entitled to recover under the common counts upon proof of the consideration of the notes. Undoubtedly he would be so entitled upon making the necessary proof and surrendering the notes at the trial or accounting for their non-production. When, however, he is unable to produce them, he is required to make the same proof as to their loss or destruction as he would be to entitle him to introduce secondary evidence of their contents when seeking to recover upon the notes themselves under the special counts. He cannot have his judgment upon mere proof of the consideration while the notes are outstanding and unaccounted for, as the defendant might thereby be compelled to pay the debt twice.

But if appellee had satisfactorily shown the loss of the notes, he failed to prove by competent evidence, what they were given for. The witness Subert, by whom he sought to prove this, had no personal knowledge on the subject. He swears the only reason he had for testifying that the notes were given for goods sold was, that he saw it so marked on the books. This was only hearsay.

For the errors hereinabove indicated, the judgment of the court below is reversed and the cause remanded.